**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:19-CR-00064-MJT** |
| | § | |
| | § | |
| **CHRISTOPHER BENJAMIN MONTGOMERY** | § | |
| | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed April 28, 2026, alleging that the Defendant, Christopher Benjamin Montgomery, violated his conditions of supervised release. This matter is referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

## I. The Original Conviction and Sentence

Montgomery was sentenced on June 23, 2020, before The Honorable Thad Heartfield of the Eastern District of Texas after pleading guilty to the offense of Count 1: Possession with Intent to Distribute a Controlled Substance (Cocaine), a Class C felony; and Count 2: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, a Class A felony. The offenses carried a statutory maximum imprisonment term of 20 years, as to Count 1; and life, as to Count 2. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of V, was 46 to 57 months (as to Count 1), and 60 months (as to Count 2). Montgomery was

subsequently sentenced, below the advisory guideline range, in Count 1, to 15 months' imprisonment, and 60 months' imprisonment as to Count 2, to run consecutively, followed by a 3-year term of supervised release in each count, to be served concurrently, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and a $200 special assessment.

On May 19, 2021, this case was reassigned to U.S. District Judge Michael J. Truncale. On April 25, 2024, the Court granted a *Motion for Reduction in Sentence or Compassionate Release* and the term of imprisonment was reduced to time served. The sentence was stayed for fourteen days to provide the Bureau of Prisons and the United States Probation Office time to implement the amended sentence.

## II. The Period of Supervision

On May 8, 2024, Montgomery completed his period of imprisonment and began service of the initial supervision term.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising four allegations. The petition alleges that Montgomery violated the following conditions of release:

> Allegation 1. The Defendant shall not commit another federal, state, or local crime.
>
> Allegation 2. The Defendant shall not unlawfully possess a controlled substance.
>
> Allegation 3. The Defendant must not communicate or interact with someone he knows is engaged in criminal activity.
>
> Allegation 4. The Defendant must notify his probation officer within 72 hours of an arrest or questioning by law enforcement.

## IV. Proceedings

On August 25, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the true allegation that claimed he failed to notify his probation officer within 72 hours of an arrest. In return, the parties agreed that he should serve a term of 24 months' imprisonment on Count One and 12 months' imprisonment on Count Two (to run consecutively), with no supervised release to follow.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offenses of conviction were Class C (Count One) and Class A (Count Two)

felonies; therefore, the maximum imprisonment sentence is 2 years and 5 years, respectively, which may be ordered to run consecutively or concurrently.

According to U.S.S.G. § 7C1.1(a), if the Court finds by a preponderance of the evidence that Montgomery violated conditions of supervision by failing to notify the U.S. Probation Office within 72 hours of his arrest by law enforcement, he will be guilty of committing a Grade C violation. U.S.S.G. § 7C1.3(b) indicates upon a finding of a Grade C violation; revocation may be appropriate. U.S.S.G. § 7C1.5 indicates that unless otherwise required by statute, and subject to an individualized assessment, based on a Grade C violation and a criminal history category of V, the recommended range of imprisonment is 7 to 13 months.

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

U.S.S.G. § 7C1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

According to U.S.S.G. § 7C1.4(b), any term of imprisonment imposed upon the revocation of supervised release generally should be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant

with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a standard condition of release that he failed to notify his probation officer within 72 hours of an arrest. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation and the criminal history category is V. The policy statement range in the Guidelines Manual is 7 to 13 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a term of 24 months' imprisonment on Count

One and 12 months' imprisonment on Count Two (to run consecutively), with no supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated a standard condition of release by failing to notify his probation officer within 72 hours of an arrest. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of of 24 months' imprisonment on Count One and 12 months' imprisonment on Count Two (to run consecutively), with no supervised release to follow. The Defendant requested to serve his prison term at the Federal Correctional Institution in Fort Worth, Texas. The Defendant's request should be accommodated, if possible.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 30th day of August, 2026.

Zack Hawthorn
United States Magistrate Judge